# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENNIS RAY YOUNG, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | )     **CIVIL ACTION** |
| v. | ) |
| | )     **Case No. 09-2543-DJW** |
| ULTRA-CHEM, INC., | ) |
| | ) |
|         **Defendant.** | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (ECF No. 18). Defendant moves the Court for an order dismissing some of Plaintiff's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant seeks an order dismissing Plaintiff's claims not included as part of Plaintiff's Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") on the grounds that this Court lacks subject matter jurisdiction over those claims for which Plaintiff has failed to exhaust his administrative remedies. For the reasons set forth below, the Motion is found moot in part, and granted in part.

## I.    BACKGROUND

Plaintiff filed his Complaint on October 20, 2009, alleging employment discrimination by Defendant based on Plaintiff's race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and based on Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). At the time, Plaintiff did not have counsel and was proceeding *pro se* in this action. The Court subsequently appointed counsel for Plaintiff on March 4, 2010.

On July 16, 2010, Defendant filed this Motion asking the Court to dismiss Plaintiff's claims of discrimination that were not contained in Plaintiff's Charge of Discrimination filed with the

EEOC. Specifically, Defendant moves the Court to dismiss Plaintiff's claim of sex discrimination, Plaintiff's claim that he was denied the right to file a grievance, and Plaintiff's claims that the terms and conditions of his employment differed from similarly situated employees because of his race and age. Defendant argues that these claims should be dismissed on the grounds that the Court lacks subject matter jurisdiction over those claims for which Plaintiff failed to exhaust his administrative remedies. In determining whether Plaintiff exhausted his administrative remedies, the Court must examine Plaintiff's Charge of Discrimination filed with the EEOC.

Plaintiff filed a Charge of Discrimination with the EEOC on December 4, 2008. In his Charge of Discrimination, Plaintiff alleged,

> I have been employed by this company since June, 2004 as a Salesman. There has been a vacancy for trainer since the person that had the position was terminated in about August 2007. He was also the Phone Room Manager. The company has not formally filled the position of Phone Room Manager but did fill the trainer position. I am not aware of the selection criteria for Trainer but feel that I have the qualifications for the position. I am the top sales person and have had other sales person listen to me conduct sales calls as part of their training. Despite my sales record and ability, I was not selected for the position. I believe that a less qualified White employee (in his 30's) was selected for the position. I believe that I have been discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age (52) in violation of the ADEA.[1]

The EEOC was unable to conclude that the information obtained established violations of Title VII or the ADEA. The EEOC thus issued Plaintiff a Dismissal and Notice of Rights, which is dated July 31, 2009.

Plaintiff then sent the EEOC investigator for his charge, Lawrence Warren, a letter on August 11, 2009, providing Mr. Warren additional information and asking him to reopen the charge.

---

[1] Charge of Discrimination, attached as Ex. A to Mem. in Supp. of Def.'s Mot. to Dismiss (ECF No. 19).

This letter was not sworn to by Plaintiff, or affirmed by Plaintiff before a notary public, a designated representative of the Commission, or any other person. In the letter, among other things, Plaintiff raised the following issues with Mr. Warren:

> (1) "I love my job at U.C.I. I just dislike the unfairness that takes place there."
> (2) "There are no blacks in management nowhere in the two buildings Phoenix or Kansas City."
> (3) "There are no grievances that can be filed within the company of U.C.I."
> (4) "There has never been a position posted for a vacancy in any department within U.C.I."
> (5) "I was new and I had a lot of account[s] stolen from me."
> (6) "The position of trainer does exist at Ultra-Chem, Inc."
> (7) "Only trainers are asked to commute from the Kansas City to the Phoenix location."
> (8) "I have never been asked to go to Phoenix to train or demonstrate. Other than Tammy Ghers, I am the employee who has help[ed] build this company and I have worked there the longest. But never giving the equal opportunity to advance in the company."[2]

On August 14, 2009, Mr. Warren responded to Plaintiff's August 11, 2009 letter. Mr. Warren began his letter by stating, "There are several items of concern that you have raised in your letter."[3] Mr. Warren then addressed the additional issues raised in Plaintiff's August 11, 2009 letter. Mr. Warren concluded his letter by informing Plaintiff, "You have not provided any information that indicates discrimination or that this charge should be reopened. Therefore, you must file a private court action by October 31, 2009 to protect your rights [or] they will be lost."[4] Plaintiff subsequently filed his Complaint on October 20, 2009.

---

[2] Pl.'s August 11, 2009 Letter to Lawrence Warren, attached as Ex. 2 to Pl.'s Am. Resp. to Def.'s Mot. to Dismiss (ECF No. 24).

[3] Lawrence Warren's August 14, 2009 Letter to Pl., attached as Ex. 2 to Pl.'s Am. Resp. to Def.'s Mot. to Dismiss (ECF No. 24).

[4] *Id.*

3

On November 23, 2010, while Defendant's Motion was pending, the Court enter the Pretrial Order (ECF No. 38). The Pretrial Order supersedes all pleadings, including Plaintiff's Complaint, and controls the subsequent course of this case. In the Pretrial Order, Plaintiff set forth the following contentions:

> Plaintiff claims that from July-August, 2007 when the position of sales (phone) room manager/trainer became open in the Lenexa, Kansas office of Ultra-Chem, Inc. he has been discriminated against on the basis of his race (black) and age (52 at the time of the initial discrimination) by defendant's failure to place or promote him to the position. He claims that the position was never posted or advertised. He claims a coemployee, who was white, younger and less experienced, was placed in the position of trainer and that he was not considered or given the position of trainer or sales room manager when those positions were filled on five separate occasions. He claims the terms and conditions of his employment were different from those of similarly situated younger and non-minority employees in that he has had accounts taken from him, that he was not allowed to file a grievance against a white co-worker, that he has been denied internet access, singled out for discipline and that there are no blacks in management. Plaintiff claims as a result of defendant's action and conduct he has suffered compensatory damages and is entitled to punitive damages.[5]

In addition, in the Pretrial Order, Plaintiff identified four theories of recovery that he is pursuing against Defendant: (1) denial of a promotion in violation of Title VII because of his race, (2) denial of a promotion in violation of the ADEA because of his age, (3) Defendant subjected Plaintiff to terms and conditions of employment different from similarly situated employees because of his race in violation of Title VII, and (4) Defendant subjected Plaintiff to terms and conditions of employment different from similarly situated employees because of his age in violation of ADEA.[6] Plaintiff did not assert any sex discrimination claim or any "claim" that he was denied the right to file a grievance in the Pretrial Order.

---

[5] Pretrial Order (ECF No. 38) at 4.

[6] *Id.* at 4-5.

## II. STANDARD

Federal courts are courts of limited jurisdiction and thus may only exercise jurisdiction when authorized.[7] Under Fed. R. Civ. P. 12(b)(1), this Court may dismiss a claim for lack of subject matter jurisdiction. The court lacks subject matter jurisdiction over Title VII and ADEA claims that have not been administratively exhausted.[8] The court is thus justified in dismissing the case for lack of jurisdiction when a plaintiff fails to exhaust his or her administrative remedies.[9] "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that [he or] she did exhaust."[10]

"To exhaust administrative remedies, a plaintiff generally must present his claim to the Equal Employment Opportunity Commission (EEOC) or authorized state agency . . . and receive a Notice of Right-to-Sue letter based on that charge."[11] The purpose of requiring exhaustion of administrative remedies is to give notice to the employer and to facilitate internal resolution of those issues.[12] For a plaintiff to have filed an adequate administrative charge with the EEOC, he or she must have

---

[7] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).

[8] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (holding a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII).

[9] *Shikles*, 426 F.3d at 1317-18.

[10] *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002) (citations omitted).

[11] *Greenlee v. Delmar Gardens of Overland Park*, Civ. A. No. 08-2396-GLR, 2009 WL 3126160, at *4 (D. Kan. Sept. 25, 2009) (citations omitted).

[12] *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).

satisfied the EEOC's minimum requirements for a charge.[13] EEOC regulations require that the charge be written, signed, and verified.[14] To be verified, a charge must be "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."[15] Although some courts have considered documents other than the Charge of Discrimination itself to be a part of a plaintiff's EEOC charge for purposes of exhaustion, such as the signed and verified Questionnaire,[16] it is clear that a plaintiff must at least have a signed and verified document for it to be considered a part of his or her EEOC charge.[17]

To determine whether Plaintiff has exhausted his administrative remedies, the Court must "determine the scope of the allegations raised in the EEOC charge because '[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'"[18] The court will "liberally construe charges filed with the EEOC in determining whether administrative remedies

---

[13] *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183-84 (10th Cir. 2007).

[14] 29 C.F.R. § 1601.9.

[15] 29 C.F.R. § 1601.3(a).

[16] *See e.g., Jones*, 502 F.3d 1176.

[17] *See McCall v. Bd. of Comm'rs of Cnty. of Shawnee, Kan.*, 291 F.Supp.2d 1216, 1223 (D. Kan. 2003) (finding the submission of unverified document insufficient to constitute exhaustion of administrative remedies for the purposes of Title VII).

[18] *Jones*, 502 F.3d at 1186 (quoting *MacKenzie v. Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)).

have been exhausted as to a particular claim."[19] However, the court's inquiry is limited. As the Tenth Circuit has explained:

> [O]ur inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted.[20]

With these standards in mind, the Court turns to Plaintiff's Charge of Discrimination and the claims he has asserted against Defendant in this action.

## III. DISCUSSION

As an initial matter, the Court notes that Defendant's Motion to dismiss Plaintiff's claim of sex discrimination is moot. This is because Plaintiff abandoned any sex discrimination claim when he failed to assert it in the Pretrial Order, which supersedes Plaintiff's Complaint and controls the subsequent course of this action. Plaintiff also noted in his response to the Motion that he mistakenly checked the sex discrimination box on his form Employment Discrimination Complaint, and that he did not intend to make any claim for sex discrimination. The Court thus finds this portion of Defendant's Motion to be moot.

In addition, with respect to Defendant's Motion to dismiss Plaintiff's "claim" that he was not allowed to file a grievance against a Caucasian employee, the Court finds this request moot. Plaintiff makes it clear in the Pretrial Order that he is not asserting a separate claim that he was not allowed to file a grievance. Rather, Plaintiff's allegation that he was not allowed to file a grievance is one of the many incidents that Plaintiff points to in support of his claims that the terms and

---

[19] *Id.* (citations omitted).

[20] *Id.* (citations and quotations omitted) (emphasis in original).

conditions of his employment differed from similarly situated employees in violation of Title VII and the ADEA. The Court thus finds this portion of Defendant's Motion to be moot.

As for Plaintiff's remaining claims of discrimination, Plaintiff, as the party seeking federal jurisdiction, has the burden to establish that he exhausted his administrative remedies and therefore that the Court has subject matter jurisdiction over his claims against Defendant. Plaintiff must therefore demonstrate that he exhausted his administrative remedies with respect to his claims that the terms and conditions of his employment differed from similarly situated employees because of his race and age in violation of Title VII and the ADEA.

As explained above, the first step in determining whether Plaintiff exhausted his administrative remedies is to determine the scope of the allegations raised in his Charge of Discrimination. However, in addition to his Charge of Discrimination, Plaintiff urges the Court to consider his August 11, 2009 letter to Lawrence Warren, the EEOC investigator for his charge. Plaintiff's August 11, 2009 letter was not sworn to by Plaintiff, or affirmed by Plaintiff before a notary public, a designated representative of the Commission, or any other person. In addition, Plaintiff has not supported his letter by an unsworn declaration in writing under penalty of perjury. The EEOC regulations make it clear that a charge must be written, signed and verified.[21] To be verified, the charge must be "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."[22] The Court therefore concludes that Plaintiff's August 11, 2009 letter does not meet the minimum requirements for a charge filed with the EEOC. The Court's inquiry is thus limited to Plaintiff's

---

[21] 29 C.F.R. § 1601.9.

[22] 29 C.F.R. § 1601.3(a).

Charge of Discrimination in determining the scope of the allegations raised by Plaintiff with the EEOC.

In determining the scope of Plaintiff's Charge of Discrimination, the Court must identify the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in Plaintiff's Charge of Discrimination. In his Charge of Discrimination, Plaintiff alleged that Defendant discriminated against him on the basis of his age and race by failing to promote him to the position of trainer. Plaintiff's Charge of Discrimination, construed liberally, simply does not contain any allegations that the terms and conditions of his employment differed from similarly situated employees. The Court concludes that the language of Plaintiff's Charge of Discrimination did not create a reasonable expectation that the EEOC would investigate a claim that the terms and conditions of his employment differed from similarly situated employees because of his age and race. The Court therefore concludes that Plaintiff failed to exhaust his administrative remedies with respect to these claims. Consequently, the Court does not have subject matter jurisdiction over Plaintiff's claims that the terms and conditions of his employment differed from similarly situated employees in violation of Title VII and the ADEA. The Court will therefore grant this portion of Defendant's Motion.

**IV.  CONCLUSION**

For the reasons set forth above, the portion of Defendant's Motion seeking to dismiss Plaintiff's claim of sex discrimination and Plaintiff's "claim" that he was denied the right to file a grievance is deemed moot. The portion of Defendant's Motion seeking to dismiss Plaintiff's claims that the terms and conditions of his employment differed from similarly situated employees because of his race and age in violation of Title VII and the ADEA is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 18) is found moot in part, and is granted in part. The portion of Defendant's Motion seeking to dismiss Plaintiff's claim of sex discrimination and Plaintiff's "claim" that he was denied the right to file a grievance is deemed moot. The portion of Defendant's Motion seeking to dismiss Plaintiff's claims that the terms and conditions of his employment differed from similarly situated employees because of his race and age in violation of Title VII and the ADEA is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of February 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties