# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENNIS RAY YOUNG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 09-2543-JAR-DJW |
| **ULTRA-CHEM, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant Ultra Chem, Inc.'s Motion to Dismiss, or, in the Alternative, Motion to Reconsider Plaintiff's Motions to Proceed *In Forma Pauperis* and for Appointment of Counsel (ECF No. 36). For the reasons set forth below, the Court denies this motion.

**I.    Background Facts**

On October 21, 2009, Plaintiff filed this employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*.[1] The Court granted Plaintiff's motion for leave to continue this case without payment of fees and costs about one week after the Complaint was filed based on submitted pleadings and his Affidavit of Financial Status.[2] Then, after ordering and reviewing a Reproduction of Records of the Equal Employment Opportunity Commission ("EEOC") concerning the claim filed by Plaintiff and determining sufficient merit existed, the Court granted Plaintiff's Motion for Appointment of Counsel under Title VII of the Civil

---

[1] Employment Discrimination Compl. (ECF No. 1).

[2] Order Granting Leave to Proceed *In Forma Pauperis* (ECF No. 7).

Rights Act and the Age Discrimination in Employment Act on December 30, 2009.[3] Pursuant to that Order, the Court appointed Ruth M. Benien to represent Plaintiff in this action on March 4, 2010.[4]

Defendant, employer of Plaintiff since 2004, was not only provided notice of Plaintiff's Affidavit of Financial Status when it received notice of this action, but Defendant also had access to Plaintiff's income as his employer. For seven months, Ms. Benien represented Plaintiff Dennis Ray Young without objection from Defendant Ultra-Chem, Inc. Yet, Defendant brings its Motion to Dismiss, or, in the Alternative, Motion to Reconsider Plaintiff's Motions to Proceed *In Forma Pauperis* and for Appointment of Counsel to the Court requesting dismissal under 28 U.S.C. § 1915(e)(2)(A) or reconsideration of the Court's prior Orders.

## II. Applicable Law

### a. Standard for Dismissal Under 28 U.S.C. § 1915(e)(2)(A)

The federal *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, is intended to provide indigent litigants "meaningful access to the federal courts."[5] Courts fulfill this objective by granting IFP status when a "plaintiff's allegation of poverty is true, and that plaintiff is financially unable to pay any portion of the filing fee."[6] Yet, allowing indigent litigants access to courts without

---

[3]Order Granting Motion to Appoint Counsel (ECF No. 12).

[4]Order Appointing Counsel (ECF No. 13).

[5]*Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[6]*Huntington v. Kan. Dept. of Social and Rehabilitation Servs.*, No. 08-3250-SAC, 2008 WL 4559785 at *1 (D. Kan. Oct. 10, 2008) (citations omitted).

2

prepayment of costs makes courts and private parties vulnerable to frivolous, malicious, or repetitive lawsuits since these plaintiffs have no "economic incentive to refrain" from filing such suits.[7]

Due to these policy considerations § 1915(e) provides courts with an avenue by which to prevent "abusive or captious litigation" while maintaining indigent access to the federal court system.[8] Relevant here is § 1915(e)(2)(A), which authorizes the court to dismiss the case *sua sponte* if it determines the "allegation of poverty" supporting the application to proceed IFP is untrue.[9] The Tenth Circuit has conflicting opinions as to whether dismissal is mandatory or discretionary under this section.[10] Upon review of these opinions and the legislative history of § 1915, this Court holds dismissal is mandatory under § 1915(e)(2).[11]

---

[7]*Neitzke*, 490 U.S. at 324; *see also Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) ("Section [1915(e)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.").

[8]*Id.*; *see also Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992).

[9]28 U.S.C. § 1915(e)(2)(A).

[10] *See Trujillo*, 465 F.3d at 1217 n.5 (10th Cir. 2006) (holding dismissal is mandatory pursuant to § 1915(e)); *Banks v. U.S. Marshal*, 274 F. App'x 631, 634 (10th Cir. 2008) (stating that "[d]ismissal under § 1915(e)(2) is discretionary.") (citing *Denton v. Hernandez*, 504 U.S. 25, 33(1992)).

[11]While *the Banks* court appropriately found that the U.S. Supreme Court's 1992 discussion in *Denton* regarding § 1915(d) was applicable to § 1915(e) due to the Congressional amendment in 1996 reassigning § 1915(d) to § 1915(e), it failed to consider how the language change that occured during the 1996 amendment impacted the Supreme Court's analysis. The 1992 Supreme Court probably held that dismissal was discretionary due to the statutory language of § 1915(d), which then read, "[t]he court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1992). Today, and at the time of *Banks* and *Trujillo*, however, the text reads "the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action of appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief
(continued...)

To survive dismissal under § 1915(e)(2)(A), Plaintiff's claim that he cannot afford filing fees, *i.e.* poverty, must be true. Section 1915 "is silent on criteria for determining indigency – the federal standards for [IFP status] are not a bright-line percentage rule, but rather, rely on the discretion of the court."[12] However, it is clear that a plaintiff does not have to be absolutely destitute "to proceed under 28 U.S.C. § 1915(a) ."[13] Thus, both the determination of "poverty" and the related decision of whether a litigant's claims of such are untrue and mandate dismissal lie in the discretion of the court.[14]

To determine "poverty," courts rely upon "the nature of the mandatory and discretionary demands on the applicant's financial resources" to ascertain whether filing fees can be paid.[15] In *Lewis v. Center Market*, the plaintiff filed thirteen lawsuits in the district court requesting IFP status in each matter.[16] The court found that each affidavit supporting plaintiff's "allegation of poverty

---

[11](...continued)
against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, the Congressional action of changing 'may' to 'shall' denotes an instruction to the judiciary to interpret dismissal as mandatory in the circumstances set forth in the statute.

[12]*Lewis v. Center Market*, Nos. 09-306 JB/RHS, 09-700 JB/ACT, 09-701 RLP/ACT, 09-702 ACT/LFG, 2009 WL 5217343 at *3 (D.N.M. Oct. 29, 2009) (citing *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976)). This Court agrees and declines to follow Defendant's suggestion of using the U.S. Department of Health and Human Services Poverty Guidelines to determine poverty under this statute. Memo in Supp. Of Def.'s Mot. To Dismiss, or, in the Alternative, Mot. To Reconsider Plf.'s Mot. To Proceed IFP and for Appt. Of Counsel (ECF No. 36-1) at pgs. 7-8.

[13]*Brewer v. City of Overland Park Police Dept.*, 24 F. App'x 977, 979 (10th Cir. 2002) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).

[14]*See Smart*, 547 F.2d at 113.

[15]*Brewer,* 24 F. App'x at 979 (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)).

[16]*Lewis v. Center Market*, 378 F. App'x 780, 782 (10th Cir. D. 2010). Some of plaintiff's IFP requests were boldly made after dismissal due to an untrue allegation of poverty *and* after denial
(continued...)

d[id] not accurately characterize her situation."[17] Instead, the plaintiff presented a "skewed picture of . . . ability [or inability] to pay the filing fees."[18] The plaintiff did in fact possess sufficient funds to pay for the basic necessities of life *and* any lawsuit(s) she deemed important, thus, dismissal was warranted.[19] Because plaintiff had proven to be an abusive litigant without economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, the harsh sanction of dismissal was appropriate in light of the policy considerations of § 1915.

*Weaver v. Borgwarner Transmission Systems, Inc.*, similarly was dismissed under § 1915(e)(2)(A). In this employment discrimination case, the plaintiff represented to the court that "in the past twelve months" she received no monetary funds except for some public assistance.[20] Yet, the defendant brought the plaintiff's tax returns and IRS forms to the Court's attention which revealed that the plaintiff's income was nearly $200,000 and she received $94,000 from gambling that year.[21] The plaintiff's only defense was that at the time of filing the complaint "she had no

---

[16](...continued)
of IFP status due to lack of poverty.

[17]*Id*. at 784.

[18]*Lewis*, 2009 WL 5217343 at *3.

[19]*Lewis*, 378 F. App'x at 784.

[20]*Weaver v. Borgwarner Transmission Systems, Inc.*, 390 F. App'x 566, 567 (7th Cir. Ill. 2010).

[21]*Id*.

money."[22] But that was not the point. The point significant to the Court was that her "representations on her application were 'undeniably false.'"[23]

*Weaver* and *Lewis* illustrate the extreme factual scenarios that justify dismissal under § 1915. It is not often that judges have the authority to pierce the veil of a plaintiff's factual allegations.[24] Section 1915 permits the use of that unique power in order to dismiss a case founded on "factual contentions [that] are clearly baseless."[25] The U.S. Supreme Court described cases appropriate for dismissal pursuant to § 1915(d), precursor to § 1915(e), as those claiming "fantastic or delusional scenarios, claims with which federal district judges are all too familiar."[26]

In sum, dismissal is mandatory pursuant to § 1915(e)(2)(A) upon a finding that the allegation of poverty is untrue. But the determination of poverty and whether allegations of such are untrue are firmly within the discretion of the district court.

b. **Standard for Reconsideration of IFP and Appointment of Counsel**

A motion to reconsider is warranted upon "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest

---

[22]*Id*.

[23]*Id*.

[24]*See Neitzke*, 490 U.S. at 327-28 (describing the power under § 1915 as "unusual.").

[25]*Id*.

[26]*Id*.

injustice."[27] However, the court will not "revisit issues already addressed" or entertain "arguments that could have been raised in prior briefing."[28]

III.    **The Parties' Arguments**

Defendant essentially presents three arguments. First, Defendant claims Plaintiff intentionally misrepresented his financial status to the Court. Plaintiff's Affidavit of Financial Status stated Plaintiff's monthly net income consisted of his base pay amount followed by the word "varys," but that his actual average monthly net income based on his tax returns was $670 more than that amount. Second, Defendant contends that Plaintiff's misrepresentation mandates a dismissal under 28 U.S.C. §1915(e)(2)(A). Finally, Defendant maintains that Plaintiff's financial misrepresentations were, in part, the basis for the Court granting the motion to proceed IFP and appointment of counsel and as such these motions should be reconsidered.

Plaintiff argues in kind. First, Plaintiff explains that any misrepresentation was unintentional. Plaintiff gave an estimate of his monthly net income, which he indicated with the word "varys" following the amount. The estimate given was consistent with his monthly net base pay. It was also comparable to the Employee Compensation Program amount agreed on by Plaintiff and Defendant in 2004. Though this was a reasonable response, any misunderstanding of the desired information may be attributed to Plaintiff's brain injury during that time. Second, dismissal is inappropriate and unwarranted under the circumstances. Third, Plaintiff assesses the IFP motion and appointment of counsel as properly granted since Plaintiff's financial status was not the sole basis of the Court's Orders.

---

[27]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[28]*Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Furthermore, Plaintiff attacks Defense's current motion as untimely. As Plaintiff's employer, Defendant was privy to Plaintiff's monthly net income since before the filing of this lawsuit. This motion would have been properly filed in opposition to Plaintiff's motion to proceed IFP. It also would have been properly filed in opposition to Plaintiff's motion for appointment of counsel. At the very least, Defendant should have filed this motion on or before the Scheduling Order's deadline for motions to dismiss which was July 6, 2010. Yet, Defendant waited over a year after the initiation of this lawsuit and filing of those motions to bring its request to dismiss.

## IV.  Analysis

### a.  Dismissal Under 28 U.S.C. § 1915(e)(2)(A)

This Court, in compliance with § 1915(a), granted Plaintiff IFP status based on his pleadings and financial affidavit with the intent of providing him meaningful access to the legal system. In light of the standard set forth for proper dismissal under § 1915(e)(2)(A), the Court declines to revoke Plaintiff's IFP status or dismiss his case.

Though dismissal is mandatory under this section, it is only mandatory upon a finding that Plaintiff's allegation of poverty is untrue. Here, Plaintiff did not attempt to withhold information or mislead the Court with regard to his financial situation. Unlike the plaintiff in *Lewis* who did not accurately characterize her financial situation, Plaintiff here clearly noted that his income varied from month to the month. The Court took that into consideration when analyzing whether Plaintiff was an appropriate candidate for IFP status in 2009. Even in light of Defendant's evidence claiming a difference of $670 on average a month, Plaintiff's allegations on his affidavit remain true.

To accuse and punish an individual of lying to the Court, when a form requires a statement of a monthly income and the individual answers with his base monthly income along with an indicator to any reader that this is potentially not all of his compensation, would be unjust in this

8

circumstance. However, that is not to say that there is never an instance where dismissal would be appropriate if a plaintiff claimed only, a true, but minimum income. Indeed, *Weaver* instructs that is not so. Where *representations* by the plaintiff are *undeniably false* the case will be dismissed. Here, however, Plaintiff's claims are not undeniably false.

Not only is Plaintiff's allegation of poverty not untrue, but Plaintiff is not the type of litigant from which Congress intended to protect the court system under § 1915(e)(2). Plaintiff displays no signs of abusing his IFP status by bringing frivolous, malicious, or repetitive lawsuits before the Court. Moreover, Plaintiff has not presented factual contentions that are baseless, fantastic, or delusional. Thus, dismissal under § 1915(e)(2)(A) is improper.

  b.  **Reconsideration of IFP and Appointment of Counsel**

The Court finds reconsideration in this instance inappropriate for the following reasons. First, Plaintiff reported his monthly income to the best of his ability and understanding. He even alerted readers that the income was not consistent from month to month by writing the word "varys" after the amount.[29] The Court read and understood that to mean that his income was approximately the amount listed.

Second, Defendant did not present any intervening change in the law since the Court's prior decisions that would require reconsideration.

Third, no showing of new evidence which was previously unavailable was presented. Defendant attempts to show inconsistencies between Plaintiff's alleged income on his affidavit and his actual income found on previous tax returns. Yet, the income revealed is not new to Plaintiff or

---

[29]While the Court notes that in this instance "varys" was appropriate, it warns against applicants attempting to mislead the Court with vague terms to drastically under represent income. Under such a circumstance, the Court would be well advised to dismiss the case and would be authorized to do so by §1915(e)(2).

Defendant. As Plaintiff's employer, Defendant has been well aware of his financial status, at least with regard to earnings since 2004.[30] Thus, this evidence is not new and Defense could have raised it far earlier in this case.

Finally, the Court finds neither error nor manifest injustice that needs to be corrected. Plaintiff did not make a mistake on his affidavit. The Court did not grant IFP status or appointment of counsel in error. Even in considering Plaintiff's previous tax returns, the Court finds no manifest injustice. Therefore, reconsideration is not warranted.

**IT IS THEREFORE ORDERED** that Defendant Ultra Chem, Inc.'s Motion to Dismiss, or, in the Alternative, Motion to Reconsider Plaintiff's Motions to Proceed *In Forma Pauperis* and for Appointment of Counsel (ECF No. 36) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of April 2011

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties

---

[30] While that may not be true where additional income was acquired from another source, that does not appear to be the case here.