# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DENNIS RAY YOUNG,** | ) | Civil Action |
| | ) | |
| **Plaintiff,** | ) | No. 09-2543-DJW |
| | ) | |
| v. | ) | |
| | ) | |
| **ULTRA-CHEM, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment on Plaintiff's claims that Defendant denied Plaintiff a promotion based on Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII") and age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621, *et seq.* ("ADEA"). (ECF No. 46). For the reasons set forth below, the motion is granted.

**I.   Background Information**

On October 21, 2009, Plaintiff filed this employment discrimination action alleging violations of Title VII and the ADEA.[1] On February 9, 2011, the Court sustained Defendant's Motion to Dismiss Plaintiff's disparate treatment claims based upon Plaintiff's race and age. The Court found it lacked subject matter jurisdiction over those claims, given Plaintiff's failure to exhaust his administrative remedies. (ECF No. 42).

Defendant moves for summary judgment on Plaintiff's remaining claims in this matter, as set forth in Count I of Plaintiff's Employment Discrimination Complaint, which is now incorporated

---

[1]Employment Discrimination Compl. (ECF No. 1).

into the Pretrial Order. Because the Pretrial Order supercedes the prior pleadings,[2] the Court will refer to Plaintiffs' claims as they are pled in the Pretrial Order.[3]

## II. Plaintiffs' Claims

Plaintiff claims that Defendant denied him promotion or placement to the position of trainer/sales phone room manager because of his race, in violation of Title VII.[4] He also claims that Defendant denied him promotion or placement to the position of trainer/sales phone room manager because of his age, in violation of the ADEA.[5] Plaintiff alleges as follows:

> [F]rom July-August, 2007 when the position of sales (phone) room manager/trainer became open in the Lenexa, Kansas office of Ultra-Chem, Inc. he has been discriminated against on the basis of his race (black) and age (52 at the time of the initial discrimination) by defendant's failure to place or promote him to the position. He claims that the position was never posted or advertised. He claims a co-employee, who was white, younger and less experienced, was placed in the position of trainer and that he was not considered or given the position of trainer or sales room manager when those positions were filled on five separate occasions.[6]

---

[2] *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007) ("The subsequent pretrial order supercedes the pleadings.") (citing *Wilson v. Muckala,* 303 F.3d 1207, 1216 (10th Cir. 2002)). *See also* D. Kan. 16.2(c) ("The pretrial order . . . controls the subsequent course of the action unless modified by: (1) consent of the parties and court; or (2) an order of the court to prevent manifest injustice.")

[3] The Court notes that Plaintiff's Factual Contentions as stated in the Pretrial Order do not contain any allegations that he was denied promotion or placement to a position of manager in Defendant's Phoenix office. Nor does Plaintiff assert any such factual allegations in his Complaint. Nonetheless, the Court, viewing the evidence in the light most favorable to Plaintiff, will consider the facts regarding promotion opportunities in the Phoenix office as set forth in the summary judgment briefing of the parties.

[4] *See* Pretrial Order (ECF No. 38), Pls.' First Theory of Recovery, ¶ 6 (a)(i).

[5] *Id.*, Pl.'s Second Theory of Recovery, ¶ 6 (a)(ii).

[6] *Id.*, Pl.'s Contention, ¶ 5 (a).

**III.     Brief Summary of the Parties' Arguments**

Defendant contends it is entitled to summary judgment on Plaintiff's Title VII and ADEA claims because Plaintiff has neither produced direct evidence, nor circumstantial evidence establishing the elements of a *prima facie* case of failure to promote based upon race or age. Defendant further contends that even if the Court were to find Plaintiff had established a *prima facie* case, Defendant has presented sufficient uncontroverted evidence to rebut the presumption that Defendant's failure to promote Plaintiff was motivated by unlawful discrimination. Based upon the *McDonnell Douglas* burden-shifting analysis, Defendant asserts that Plaintiff has not made a showing that a factual dispute exists regarding whether Defendant's failure to promote Plaintiff was a pretext for unlawful race discrimination under Title VII or age discrimination under the ADEA.

**IV. Standard for Ruling on a Summary Judgment Motion**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."[7] In applying this standard, the court views the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party.[8] An issue is considered "genuine" if there "is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[9]

---

[7] Fed. R. Civ. P. 56(a).

[8] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hirase-Doi v. U.S. West Commc'ns, Inc.*, 61 F.3d 777, 781 (10th Cir. 1995)).

[9] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

An issue of fact is considered "material," if, under the substantive law, "it is essential to the proper disposition of the claim."[10]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[11] In attempting to meet that standard, a moving party who does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the moving party need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[12] In such cases, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[13]

If the moving party carries this initial burden, then the nonmovant who would bear the burden of persuasion at trial may not simply "rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof."[14] To accomplish this, sufficient evidence pertinent to the material issue must be identified by reference to an affidavit, a deposition transcript or an exhibit incorporated therein, or some other form of evidence that would be admissible at trial.[15] "Unsubstantiated

---

[10]*Id.* (citing *Anderson*, 477 U.S. at 248).

[11]*Matsushita*, 475 U.S. at 587 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[12]*Id.* (citing *Celotex*, 477 U.S. at 325).

[13]*Celotex*, 477 U.S. at 323.

[14]*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[15]*Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) (citations and quotations omitted).

allegations carry no probative weight in summary judgment proceedings."[16] "Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."[17]

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment.[18] Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.[19] "[T]here are cases where the evidence is so weak that the case does not raise a genuine issue of fact."[20] Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."[21]

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[22]

## V. Facts

---

[16] *Phillips v. Calhoun*, 956 F.2d 949, 951 (10th Cir. 1992) (citations omitted).

[17] *Hedberg v. Indiana Bell Telephone Co., Inc.*, 47 F.3d 928, 929 (7th Cir. 1995); see *Vega v. Kodak Caribbean, Ltd.*, 3 F.3d 476, 479 (1st Cir. 1993) ("Optimistic conjecture, unbridled speculation, or hopeful surmise will not suffice.").

[18] *Duvall v. Ga.-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1260 (10th Cir. 2010); *see Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009).

[19] *Liberty Lobby*, 477 U.S. at 250-51.

[20] *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir. 1988); *Wilkerson v. P.I.A. Topeka, Inc.*, 900 F. Supp. 1418, 1421 (D. Kan. 1995).

[21] *Liberty Lobby*, 477 U.S. at 251-52.

[22] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1)).

Consistent with the foregoing standard for evaluating a motion for summary judgment, the following facts are either uncontroverted or, if disputed, stated in the light most favorable to Dennis Young, the responding party.

Plaintiff, Dennis Young, has been employed by Defendant, Ultra-Chem, Inc., since 2004 as a telephone salesperson at the Lenexa, Kansas office. Plaintiff is an African-American, and was born in 1956. Plaintiff has never been employed by Defendant as a management-level employee.

During the term of Plaintiff's employment with Defendant, the following persons have been employed as management-level employees with Defendant: John Crane, Sr., born in 1943, has been employed as an Officer and Director from June 2004 through the present. Both Patricia Crane and Linda Beecham, born in 1945 and 1948 respectively, have served as Officers and Directors from June 2004 through the present. Stephanie Davidson, born in 1965, and John Crane, Jr., born in 1964, have been Vice-Presidents from June 2004 through the present. Cam Cravens, born in 1958, has served on the Corporate Staff of Defendant from June 2004 through June 26, 2007, and then served as Vice-President from June 26, 2007 through the present.

Sandy Lyndon, born in 1948, held the position of Manager of the Phoenix Office from June 2004 through January 25, 2008. Debra Reynolds, born in 1953, was the manager of the Phoenix Office from January 5, 2009 through the present. At the time Reynolds was hired as manager for the Phoenix office, she was not an employee of Defendant. Mark Webb, born in 1961, was co-manager of the Phoenix Office from June 22, 2009 through the present. At the time Webb was hired as co-manager of the Phoenix office, he was not an employee of Defendant. Stan Beecham, born in 1951, served as field sales manager from June 2004 through October 29, 2010.

Jean Coffman, born in 1966, was trainer of the Phoenix Office from June 2004 through June 30, 2008. Defendant did not intend to replace, nor did it replace, Coffman in the position of trainer

6

following her separation from employment with Defendant. Defendant, however, has utilized some of its salespersons, including Plaintiff, from time to time as training demonstrators for other sales employees.

Scott Smolich, born in 1957, was phone room manager of the Lenexa Office from June 2004 through July 31, 2007. Ron Kocour, born in 1965, was phone room manager in the Lenexa Office from March 17, 2008 through March 25, 2009. At the time he was hired as phone room manager in the Lenexa Office, Kocour was not an employee of Defendant. Dave Mitchell, born in 1955, was phone room manager of the Lenexa Office from April 2009 through the present. Mitchell was employed in Defendant's manufacturing division and not as a telephone salesperson at the time he was hired as phone room manager of Defendant's Lenexa office. Neither Mitch Gehrs nor Tammy Gehrs were ever employed by Defendant as management-level employees.

The Phoenix manager position that was vacant during the period that Plaintiff has worked for Defendant was not advertised, posted or offered to any of Defendant's telephone salespersons. The Phoenix co-manager position that was offered to Mark Webb during the period that Plaintiff has worked for Defendant was not advertised, posted or offered to any of Defendant's telephone salespersons. The Lenexa phone room manager position that was vacant twice during the period that Plaintiff has worked for Defendant was not advertised, posted or offered to any of Defendant's telephone salespersons. None of Defendant's salesperson employees were considered qualified by Defendant to fill the management positions which opened during Plaintiff's term of employment with Defendant.

The majority of Defendant's telephone sales staff is over the age of 40. The median age of all of Defendant's employees taken together as a whole is over 40.

**VI.    Plaintiff's Title VII Claim**

**A. Applicable Law**

To establish a *prima facie* case of race discrimination in violation of Title VII, Plaintiff must present either direct or indirect evidence of discrimination. "Direct evidence is rarely present in a discrimination case."[23] "To constitute direct evidence, the evidence must be from the decision-maker, must relate directly to the adverse action at issue, and must contain an acknowledgment of discriminatory intent or reveal a propensity to make decisions based on unlawful criteria."[24] In the instant case, the Court finds, viewing the evidence in the light most favorable to Plaintiff, that Plaintiff has not identified any document, statement or evidence directly linking Defendant's refusal to promote Plaintiff to his race. Consequently, Plaintiff must establish the elements of a Title VII claim for race discrimination by indirect, or circumstantial, evidence.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973) provides the framework for analyzing indirect evidence under Title VII. Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a *prima facie* case.[25] To establish a *prima facie* case of race discrimination for a failure to promote claim, the plaintiff must typically show that he (1) belongs to a protected group; (2) was qualified for the promotion; (3) sought but did not receive the promotion; and (4) the position was filled with a non-minority or remained

---

[23] *Cuenca v. Univ. of Kansas*, 265 F. Supp. 2d 1191, 1205 (D. Kan. 2003), *aff'd* 101 F. App'x 782 (10th Cir. 2004)(citing *Daniel v. Loveridge*, 32 F.3d 1472, 1476 (10th Cir. 1994)).

[24] *Id.* (citing, *inter alia*, *Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000); *Chatfield v. Shilling Const. Co., Inc.*, 232 F.3d 900, 2000 WL 1531846, at *2 (10th Cir. 2000)).

[25] *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802.

8

available following the decision not to promote him.[26]  Upon a *prima facie* showing, the burden then shifts to the employer to rebut the presumption "by articulating a legitimate, nondiscriminatory reason for the termination.  Thereafter, the burden reverts to the plaintiff, who may avoid summary judgment only by showing that a factual dispute exists whether the employer's articulated reason was pretextual."[27]

### B. Discussion

In this case, Defendant is entitled to summary judgment on Plaintiff's race discrimination claim because Plaintiff fails to establish the second element of his *prima facie* case – namely, that he met the qualifications for the manager position.  Defendant has presented undisputed evidence, through Cravens' deposition testimony, that Defendant did not consider any of its salespersons qualified to fill the management positions which opened during Plaintiff's employment with Defendant, and that Defendant did not offer any of its salespersons the manager positions.  As to Plaintiff's qualifications specifically, Cravens testified that Plaintiff did not qualify for consideration as a manager because of the "major factor" that Plaintiff "has a difficult time interacting with his fellow employees"[28] – citing examples where a female employee had complained Plaintiff was "bothering her;" where Plaintiff had been "inciteful during sales meetings;" and an incident where Plaintiff created a problem with a football pool in the office.[29]  Cravens further testified that Plaintiff "really wouldn't have been considered for management" because "he had no management

---

[26]*See EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1195 n.6 (10th Cir. 2000).

[27]*Chatfield v. Shilling Const. Co., Inc.*, 232 F.3d 900, 2002 WL 1531846, at *2 (10th Cir. 2000) (citation omitted).

[28]Cravens' deposition testimony, (ECF No. 47-4 at 12-13).

[29]*Id.* at 18-19.

9

experience" in the company.  While Cravens conceded that Plaintiff had close to the highest sales numbers in the Lenexa office, he stated that "it's been our experience as a company that your best salespeople are not necessarily your best managers."[30]  Cravens testified that he decided "very quickly" he would not be hiring internally for the management position vacated by Scott Smollich because "[w]e didn't have the talent to do that."[31]

    The evidence is undisputed that Defendant sought candidates for the management-level positions exclusively from outside its telephone sales employees, hiring Kocour, Reynolds, and Webb from other companies, and Mitchell from Defendant's manufacturing division.  It is also undisputed that Defendant did not post, list, or advertise these management-level positions to any of its telephone sales employees.  Therefore, Defendant's actions with regard to its assessment of the capabilities of its phone salespersons and its decision not to consider any of them for the open management positions impacted Plaintiff and all telephone sales employees equally, regardless of race.[32]

Nor has Plaintiff met his burden to establish the third prong of his *prima facie* case – that he sought but did not receive the promotion.  Specifically, Plaintiff has not presented any evidence that he even sought the promotion; rather he merely states that he simply was not given a promotion because he felt he deserved it.  In his brief opposing summary judgment, Plaintiff claims he spoke

---

[30]*Id.* at 13.

[31]*Id.* at 13-14.

[32]Plaintiff asserts that Mitch Gehrs was "promoted" to a management-level "trainer" position in Defendant's Lenexa office; however Plaintiff presents no evidence to support this assertion. Indeed, the evidence presented on this issue supports Defendant's position that no such management-level position existed.  Plaintiff's opinion that  such a position existed is mere speculation and not supported by any other evidence in the record, including Gehrs' own testimony.

10

with Cravens about promotion; however, Plaintiff cites to no evidentiary support for this statement and the evidence of record does not support this assertion. Plaintiff's conclusory and unsupported allegations are insufficient to establish the third element of a *prima facie* case.[33] Accordingly, Defendant is entitled to summary judgment on this basis as well.

Even assuming *arguendo* that Plaintiff has established a *prima facie* case of race discrimination under Title VII, the Court finds summary judgment in favor of Defendant should be granted on this claim. Defendant has met its "exceedingly light burden"[34] of articulating legitimate, non-discriminatory reasons for its failure to consider Plaintiff for promotion to the sales room manager positions, to wit, that Plaintiff lacked the experience and interpersonal skills necessary for a managerial role. Thus, the Court must determine whether Plaintiff has met his ultimate burden of presenting evidence from which a reasonable trier of fact could determine that Defendant's asserted reason for not promoting Plaintiff was pretext for a racially discriminatory motive. The Court finds, construing all the evidence in the light most favorable to Plaintiff, that Plaintiff has not carried his ultimate burden on summary judgment as to this claim.

A plaintiff may show pretext "by demonstrating such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons."[35] Pretext may also

---

[33]Given Plaintiff's failure to establish two of the necessary four prongs for a *prima facie* case, the Court need not address the other two prongs.

[34]*Montes v. Vail Clinic, Inc.* 497 F.3d 1160, 1173 (10th Cir. 2007).

[35]*Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007)(internal quotation marks and citation omitted)).

11

be shown by providing direct evidence that the proffered rationale is false, or that the plaintiff was treated differently from similarly-situated employees.[36] Additionally, it is not the court's role to ask "whether the employer's reasons were wise, fair or correct; the relevant inquiry is whether the employer honestly believed its reasons and acted in good faith upon them. Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision."[37] The court considers the facts as they appeared to the person making the decision, and does not second-guess the employer's decision even if it seems in hind-sight that the action taken constituted poor business judgment.[38] The reason for this rule is that the court's role "is to prevent intentional discriminatory [employment] practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments."[39]

Plaintiff has failed to present any evidence whatsoever from which a jury could reasonably infer that Defendant failed to promote him as a means of exercising racist animus towards him – particularly in light of the undisputed facts that he never affirmatively sought out or applied for the position; that the position was not advertised, posted, or offered to any of Defendant's telephone salespersons as Defendant considered none of the salespersons qualified; and given Cravens' testimony regarding co-workers' complaints of Plaintiff's inappropriate workplace behavior towards them. Cravens testified that to his knowledge, Defendant has never advertised for any of its

---

[36]*Id.* at 1167–68 (citation omitted).

[37]*Locke v. Grady Cnty.*, 2011 WL 3648140, at *3 (10th Cir. 2011).

[38]*Id.*

[39]*Id.* (citing *Riggs v. Airtran Airways, Inc.*, 497 F.3d 1108, 1118-19 (10th Cir. 2007)(citations omitted)(internal quotation marks omitted)).

management positions.[40] Based upon all the evidence, Defendants' rationale for failing to promote Plaintiff is consistent, coherent, within the ambit of business judgment, and there is no evidence that similarly-situated employees were treated any differently, i.e., received a promotions to phone room manager. In light of the foregoing, because Plaintiff has failed to meet his burdens of establishing both a *prima facie* case and pretext, summary judgment must be granted in favor of Defendant on the Title VII claim.

### VII. Plaintiff's ADEA Claim

#### A. Applicable Law

The ADEA, makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[41] The ADEA requires "but-for" causation; therefore, a plaintiff claiming age discrimination must establish by a preponderance of the evidence that his employer would not have taken the challenged employment action but for the plaintiff's age.[42] "*Gross* does not disturb longstanding Tenth Circuit precedent by placing a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action."[43] Nor does *Gross* "preclude our continued application of *McDonnell Douglas* to ADEA claims."[44]

---

[40]*Id.* at 15.

[41]29 U.S.C. § 623(a)(1).

[42]*Locke*, 2011 WL 3648140, at *2 (citing *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2351 (2009)).

[43]*Id.* (quoting *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010)).

[44]*Id.*

*Gross*, however, does hold that a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision. The Tenth Circuit has recently explained that, even at the summary judgment stage, "it is not the employer's burden to negate any possible contributory role played by age in the challenged adverse action but, conversely, the employee's burden to show that age was the 'but for' cause of the action."[45]

Under the ADEA, to establish a *prima facie* case of age discrimination on a failure to promote claim, the plaintiff must demonstrate (1) that he was within the protected age group at the time of his non-selection; (2) that he met the qualifications for manager; (3) that the defendant did not select him despite his qualifications; and (4) that the defendant filled the manager position with a younger individual.[46] Once a *prima facie* case is established, the burden shifts to the defendant to articulate a legitmate, nondiscriminatory reason for its actions.[47] If the defendant does so, the burden returns to plaintiff to show either that the defendant's asserted reason was pretextual, or to show that age was nonetheless a determinative factor in the defendant's employment decision.[48]

**B. Discussion**

In this case, Defendant is entitled to summary judgment on his claim of age discrimination because Plaintiff has failed to establish the second element of his *prima facie* case – namely, that

---

[45]*Medlock v. United Parcel Serv., Inc.*, 608 F.3d 1185, 1193 (10th Cir. 2010) (citing *Gross*, 129 S.Ct. at 2351).

[46]*Perez-Cruet v. Principi*, 2005 WL 1331097, *6 (citing *Furr v. AT&T Techs. Inc.*, 824 F.2d 1537, 1542 (10th Cir. 1987)).

[47]*Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010).

[48]*Id.*

14

he met the qualifications for the manager position.[49] As the Court noted in its *prima facie* analysis of the Title VII claim, Defendant has presented undisputed evidence, through Cravens' deposition testimony, that none of Defendant's salesperson employees were considered qualified by Defendant to fill the management positions which opened during Plaintiff's term of employment with Defendant. As to Plaintiff's qualifications specifically, Cravens testified that Plaintiff did not qualify for consideration as a manager because of the "major factor" that Plaintiff "has a difficult time interacting with his fellow employees,"[50] citing examples where a female employee had complained Plaintiff was "bothering her;" where Plaintiff had been "inciteful during sales meetings;" and an incident where Plaintiff created a problem with a football pool in the office.[51] Cravens further testified that he "really wouldn't have been considered for management" because "he had no management experience" in the company. While Cravens conceded that Plaintiff had close to the highest sales numbers in the Lenexa office, he stated that "it's been our experience as a company that your best salespeople are not necessarily your best managers."[52] Cravens testified that he decided "very quickly" he would not be hiring internally for the management position vacated by Scott Smollich because "[w]e didn't have the talent to do that."[53]

Once again, even assuming *arguendo* that Plaintiff has established a *prima facie* case of age discrimination under the ADEA, the Court finds summary judgment in favor of Defendant is

---

[49]Given Plaintiff's failure to establish the second prong for a *prima facie* case, the Court need not address the other three prongs. For even assuming the other three prongs are met, Plaintiff has not established a *prima facie* case.

[50]Cravens' deposition testimony, (ECF No. 47-4 at 12-13).

[51]*Id.* at 18, 19.

[52]*Id.* at 13.

[53]*Id.* at 13-14.

15

appropriate on this claim. For the reasons discussed above in connection with Plaintiff's Title VII claim, the Court holds that Defendant has articulated legitimate, nondiscriminatory reasons for failing to promote Plaintiff. In addition to the evidence cited above, Cravens testified that Rob Kocuor, the individual ten years' younger than Plaintiff at the time he was hired as phone room manager for the Lenexa office, was a referral to the company through J.R. Crane, Jr., who had known Kocuor through past business dealings.[54] Kocuor had significant prior management experience, which included managing the largest liquor house in Milwaukee, Wisconsin. "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear *to the person making the decision*."[55] "We do not look to the plaintiff's subjective evaluation of the situation."[56] Here, Defendant has consistently proffered legitimate and facially non-discriminatory reasons for failing to promote Plaintiff – that Plaintiff was not qualified because he lacked management experience in the company and had interpersonal issues with other employees. Plaintiff has not presented any evidence that age was a determinative factor, or that would tend to show weaknesses or implausibilities in Defendant's proffered reasons for failing to promote him to a management position – in other words, Plaintiff has failed to adduce evidence that this explanation was false. The facts appearing to Defendant's decisionmakers at the time provided a legitimate, non-pretextual reason for not considering or promoting plaintiff to a management position. Mere conjecture that the employer's explanation is pretextual is an insufficient basis for denying summary

---

[54]*Id.* at 16.

[55]*EEOC v. England, Inc.*, 644 F.3d 1028 (10th Cir. 2011)(citing *Zamora v. Elite Logistics, Inc.*, 478 F.3d 1160, 1166 (10th Cir. 2007)(quoting *Watts v. City of Norman*, 270 F.3d 1288, 1295 (10th Cir. 2001))).

[56]*Id.* (citing *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998)).

judgment.[57] Moreover, even if the inference is drawn in Plaintiff's favor that Defendant harbored ageist animus toward Plaintiff, Plaintiff's evidence is insufficient to show that age was the "but-for" cause of Defendant's decision not to promote him.[58] Therefore, Defendant's motion for summary judgment, as it pertains to Plaintiff's ADEA claim for failure to promote due to age, is granted.

In sum, Plaintiff simply has failed to present material evidence sufficient to establish a *prima facie* case of race discrimination under Title VII, or of age discrimination under the ADEA. Even assuming *arguendo* Plaintiff has met this burden, the record is simply devoid of evidence that would suggest a discriminatory motive for Defendant's failure to promote Plaintiff. As such, summary judgment in favor of Defendant on both of Plaintiff's remaining claims must be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 46) as to Plaintiff's remaining claims that Defendant denied Plaintiff a promotion based on Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* and age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621, et seq. is granted as set forth herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of October, 2011.

 **s/ David J. Waxse**
 David J. Waxse
 U.S. Magistrate Judge

cc: All counsel

---

[57]*Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988).

[58]See *Locke*, 2011 WL 3648140, at *4-5 (citing *Gross*, 129 S.Ct. at 2352)).